UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ESTATE OF GLENN SEVERNS, by and
through Personal Representative, JEAN
SEVERNS, and JEAN SEVERNS
individually,

        Plaintiffs,

    v.                            Civil No. 10-834-HA

                                    OPINION AND ORDER

ALCOA INCORPORATED, a Pennsylvania
corporation, and REYNOLDS METALS
COMPANY, a Delaware corporation,

        Defendants.

HAGGERTY, District Judge:

      Plaintiffs, Estate of Glenn Severns and Jean Severns, filed suit against defendants, Alcoa

Incorporated and Reynolds Metal Company, for their alleged negligence in failing to warn Glenn

Severns of the risk of developing bladder cancer.  Defendants move to dismiss plaintiffs' claims

1- OPINION AND ORDER

for relief pursuant to Federal Rule of Civil Procedure 12(b)(6), and move to strike portions of the

Complaint pursuant to Federal Rule of Civil Procedure 12(f).  Alternatively, defendants move for

plaintiffs to make a more definite statement.  No oral argument was held.  For the following

reasons, defendants' Motion to Dismiss [4] is GRANTED IN PART and DENIED IN PART.

## **BACKGROUND**

Glenn Severns (decedent) worked for Reynolds Metal Company (RMC) at a plant in

Troutdale, Oregon from June 13, 1967 to December 1, 1991.  During his employment at RMC,

decedent was allegedly exposed to coal tar pitch.  On May 3, 2000, defendant Alcoa

Incorporated (Alcoa) purchased RMC through a merger between RMC and a wholly-owned

subsidiary of Alcoa named RLM Acquisition Corporation.  Defendant Reynolds Metal Company

(Reynolds) is the surviving entity of that merger, and is a wholly-owned subsidiary of Alcoa.

Following the merger, Alcoa and Reynolds continued to operate the plant until it closed in late

2000.

In their Complaint, plaintiffs allege that Alcoa conducted a comprehensive scientific

review of the increased risk of lung or bladder cancer associated with a person's exposure to coal

tar pitch.  According to plaintiffs, Alcoa concluded that a causal relationship exists between the

long term risk of developing lung and bladder cancer and the accumulative exposure to coal tar

pitch.  Plaintiffs allege that Alcoa implemented health initiatives regarding coal tar pitch that

included education programs to notify their current and former employees of the potential health

risks.

On June 3, 2008, Alcoa allegedly mailed decedent a letter warning him of his possible

exposure risks, notifying him of the screening program, and encouraging him to bring the letter

2- OPINION AND ORDER

to his doctor.  Decedent was diagnosed with bladder cancer in October of 2005 and died on

October 2, 2009.  Plaintiffs allege that decedent's death was caused by defendants' failure to give

him timely notice of the risk of cancer associated with coal tar pitch and notice of Alcoa's

screening program.

## DISCUSSION

Defendants seek dismissal of plaintiffs' claims based on Oregon's worker's compensation

exclusivity bar.  Additionally, defendants move to strike plaintiff's reference to a "survival

action" in the caption of the Complaint, any reference to non-economic damages in excess of

$500,000, and any reference to "Jean Severns, in her individual capacity."  Alternatively,

defendants move for more definite statements regarding these references.

### A.      Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

complaint must allege sufficient facts to state a claim for relief that is plausible on its face.

*Ashcroft v. Iqbal*, 556 U.S. _, 129 S. Ct. 1937, 1949 (2009).  When considering a motion to

dismiss, the court must determine whether the plaintiff has made factual allegations that are

"enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 545 (2007).  Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable

legal theory or absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v.

Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  The reviewing court must treat all

facts alleged in the complaint as true and resolve all doubts in favor of the nonmoving party.  *NL

Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986); *Experimental Eng'g, Inc. v. United

Tech. Corp.*, 614 F.2d 1244, 1245 (9th Cir. 1980).

3- OPINION AND ORDER

1.      **Oregon's worker's compensation exclusivity bar**

Defendants argue that plaintiffs' wrongful death claim must initially be maintained

through the worker's compensation system provided for under Oregon Revised Statutes (O.R.S)

656.018.  Oregon's worker's compensation law provides an exclusive remedy for a covered

Oregon worker and his or her beneficiaries for any injuries "arising out of and in the course of

employment [and] are in lieu of any remedies they might otherwise have for such injuries,

diseases, symptom complexes or similar conditions against the worker's employer."  Or. Rev.

Stat. § 656.018(2).  The Oregon legislature sought to balance the rights of employers and

employees by providing a no-fault recovery system with fixed remedies that, in exchange,

requires employees to abandon all other rights against their employer.  *McGarrah v. State*

*Accident Ins. Fund Corp.,*675 P.2d 159, 169 (Or. 1983).

The "arising out of" and "in the course of" elements both serve a single inquiry asking

whether a causal connection exists between the injury and the employment.  *Panpat v.*

*Owens-Brockway Glass Container, Inc.*, 49 P.3d 773, 776-77 (Or. 2002) (discussing the related

definitions provision of O.R.S. 656.005).  The causal link can be a risk connected to the nature of

the work, or a risk the employee was exposed to in his or her work environment.  *Id*.  All risks

distinctly associated with employment are compensable under worker's compensation, whereas

neutral risks personal to the employee are noncompensable.  *Sisco v. Quicker Recovery*, 180 P.3d

46, 52 (Or. Ct. App. 2008).

In this case, plaintiffs allege that decedent's death was caused by defendants' failure to

give him timely warning of his risk of developing bladder cancer.  Decedent's risk of exposure to

coal tar pitch and the accompanying risk of not receiving proper diagnosis and treatment for

bladder cancer are both risks distinctly associated with decedent's employment at RMC's plant. Therefore, the alleged injury arises out of decedent's employment. *See Cato v. Alcoa-Reynolds Metals Co.*, 152 P.3d 981, 982-83 (Or. Ct. App. 2007) (noting that employer accepted employee's worker's compensation claim that exposure to coal tar pitch was a contributing cause of bladder cancer).

Oregon's worker's compensation exclusivity bar is, however, only available to employers. A plaintiff's remedies cannot be restricted to the worker's compensation system without an employment relationship between the plaintiff and the defendant. *Osborn v. Crane Equip. Mfg. Corp.*, 897 P.2d 1192, 1194 (Or. Ct. App. 1995). Plaintiffs contend that decedent was never employed by Alcoa or Reynolds. Defendants respond that Reynolds is the successor-in-interest of decedent's employer RMC, and is also a wholly-owned subsidiary of Alcoa. Defendants contend that both Alcoa and Reynolds should receive immunity from liability as the employer.

Currently, no Oregon case law definitively determines that a successor corporation steps into the shoes of the plaintiff's former employer. However, the Oregon Supreme Court held that allowing a change of ownership by the corporate employer to affect its worker's compensation immunity would create anomalous results. *Fields v. Jantec, Inc.*, 897 P.2d 95, 100 (Or. 1993) (holding that a former employer is not liable outside of worker's compensation for alleged negligence that occurred in the course of the former employment relationship, even if the employee's injury occurred after the employment relationship ended).

Other courts have similarly held that a subsequent change of ownership should not affect the liability of the successor corporation. *See Weldon v. Celotex Corp.*, 695 F.2d 67, 69–72 (3d Cir. 1982) (holding that Pennsylvania's worker's compensation exclusivity bar required dismissal

5- OPINION AND ORDER

of the plaintiff's failure to warn action where the defendant company acquired the plaintiff's former employer after the plaintiff was no longer an employee); *Kubiszyn v. Terex Div. of Terex Corp.*, 628 N.Y.S.2d 994 (N.Y. App. Div. 1995) ("We perceive no sound reason to impose greater liability upon a successor corporation than that possessed by its predecessors solely by reason of the fortuitous fact that the injured party was not in the employ of the successor on the date of the accident.").

Because Oregon law is unclear regarding a successor corporation's relationship to a former employee, dismissal at this time would be inappropriate. *See Corsican Prods. v. Pitchess*, 338 F.2d 441, 442-43 (9th Cir. 1964) (stating that issues of unsettled law do not justify dismissal for failure to state a claim). If later facts determine that decedent was employed by Alcoa or Reynolds, plaintiffs will be limited to applicable worker's compensation remedies.[1]

### 2.    Defendant Alcoa

Taking the facts stated in the Complaint as true, plaintiffs have pled sufficient facts regarding negligence by Alcoa allegedly occurring outside of an employment relationship. Under the "Good Samaritan" theory briefed by both parties, a defendant may be liable for failing to exercise reasonable care when rendering gratuitous services to another if "(a) his failure to exercise such care increases the risk of such harm, or (b) the harm is suffered because of the other's reliance upon the undertaking." Restatement (Second) of Torts § 323 (1965). Taking all facts in the plaintiffs' complaint as true, plaintiffs plead enough facts to support a claim that

---

[1]  If Reynolds is determined to be decedent's employer, Alcoa, as the parent corporation, can share its subsidiary's (Reynolds) worker's compensation immunity so long as Alcoa has not committed an independent act of negligence. *See Osborn*, 897 P.2d at 1194; *Estate of Sworden v. Reynolds Metals Co.*, No. 05-35794, 2007 WL 2915050, at *1 (9th Cir. Sept. 26, 2007).

Alcoa's actions increased decedent's risk of harm. Plaintiffs allege that Alcoa's failure to give timely notice to decedent caused a delay in the diagnosis and treatment of decedent's bladder cancer, which ultimately led to his death. Resolving factual doubts in favor of plaintiffs, plaintiffs have sufficiently pled enough facts to survive dismissal at this time.

Similarly, to sufficiently plead a failure to warn claim where the duty to warn does not arise from statute, status, or a special relationship, a plaintiff must allege that the defendant knew or had reason to know of the specific danger to the plaintiff, and that the plaintiff was within the class of persons at risk for that harm. *Brown v. Washington County*, 987 P.2d 1254, 1260 (Or. Ct. App. 1999). The complaint must allege sufficient facts to allow the factfinder to conclude that the defendant knew of the risk. *Moore v. Willis*, 767 P.2d 62, 64-65 (Or. 1988)

Although defendants argue that Alcoa's duty arose solely because of decedent's employment with RMC, a jury could find that Alcoa knew or had reason to know of decedent's risk of developing bladder cancer and failed to adequately warn him of the risk. Based on the facts alleged, Alcoa was aware of the results from its scientific study. A jury could find that Alcoa failed to act reasonably in warning decedent of the risk. If evidence establishes that Alcoa was solely acting in its role as employer by contacting RMC's former employees, then plaintiffs must first seek a remedy through the worker's compensation system. *See Smothers v. Gresham Transfer, Inc.*, 23 P.3d 333, 362 (Or. 2001) (holding that an employer's duty to warn employee of known risk is a common law tort right that can be redressed in civil courts only after it was denied through worker's compensation).

7- OPINION AND ORDER

### 3.    Defendant Reynolds

Based on the facts alleged in the Complaint, plaintiffs have failed to state a claim against defendant Reynolds.  Plaintiffs attribute the alleged negligent acts to Alcoa, with no specific allegations regarding Reynolds's conduct.  *See* Compl. at 2-5.  Plaintiffs' only mention of Reynolds's conduct is that "defendants failed to notify plaintiff's decedent, Glenn Severns, of the relationship between [coal tar pitch] and bladder cancer" and that "[a]s a result of defendants' negligence plaintiff's decedent Glenn Severns was not notified of the risk of bladder cancer."  *Id.* at 4-5.  Because the Complaint asserts no facts demonstrating Reynolds's negligent conduct, it cannot "plausibly give rise to an entitlement to relief."  *See Iqbal*, 556 U.S. __, 129 S. Ct. at 1950.

## B.    Motion to Strike

A court may strike from a pleading any insufficient defense or any references that the court deems redundant, immaterial, impertinent, or scandalous.  Fed. R. Civ. P. 12(f).  This court will address each of defendants' arguments in turn.

### 1.    Reference to "survival action"

Plaintiffs have voluntarily agreed to strike "survival action" from the caption of their Complaint.  Therefore, this aspect of the motion is moot.

### 2.    Non-economic damages

The parties agree that under Oregon law, plaintiffs' claim for non-economic damages is limited to $500,000 under O.R.S. 31.710.  *See Griest v. Phillips*, 906 P.2d 789, 800 (Or. 1995) (holding the cap on non-economic damages constitutional as applied to wrongful death claims).  Although any award at trial will be reduced by the statutory cap, the Ninth Circuit recently held that a rule 12(f) motion is not appropriate to strike claims for damages even if they are precluded

as a matter of law. *Whittlestone, Inc. v. Handi-Craft Co.*, No. 09-16353, 2010 WL 3222417, at *4 (9th Cir. Aug. 17, 2010). The motion to strike the prayer for damages above the statutory cap is denied.

      **3.      Jean Severns in her individual capacity**

      Pursuant to O.R.S. § 30.020, wrongful death actions may only be pursued by the decedent's personal representative for the benefit of the designated beneficiaries. *Horwell v. Or. Episcopal Sch.*, 787 P.2d 502, 503-04 (Or. Ct. App. 1990) (affirming summary judgment for the defendants where the plaintiff improperly brought wrongful death action in her individual capacity). Plaintiffs argue that Jean Severns was joined to preserve her constitutional arguments in the event she is denied a remedy as a beneficiary. Plaintiffs cite *Neher v. Chartier*, 879 P.2d 156 (Or. 1994), to support their proposition that Jean Severns has a constitutional argument. However, *Neher* was abrogated by *Storm v. McClung*, 47 P.3d 476, 482-83 (Or. 2002).

      Under current law, Jean Severns can only maintain a wrongful death action if "the decedent might have maintained an action, had the decedent lived, against the wrongdoer." *Storm*, 47 P.3d at 482. Jean Severns does not need to be joined in her individual capacity to preserve this argument. *See Hughes v. PeaceHealth*, 178 P.3d 225, 227 n.2 (Or. 2008). Defendants' motion to strike is granted as to Jean Severns in her individual capacity.

**<u>CONCLUSION</u>**

      For the foregoing reasons, defendants' Motion to Dismiss [4] is GRANTED IN PART and DENIED IN PART. Defendants' Motion to Dismiss is granted for defendant Reynolds Metal Company and denied for defendant Alcoa Incorporated. Defendants' Motion to Strike reference to a "survival action" is moot by agreement of the parties. The Motion to Strike the prayer for

non-economic damages above the statutory cap is denied.   The Motion to Strike any reference to Jean Severns in her individual capacity is granted.

IT IS SO ORDERED.

DATED this ___14___ day of September, 2010.


_____/s/ Ancer L. Haggerty_____
Ancer L. Haggerty
United States District Judge